### LIPMAN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 4, 1915.)

#### No. 1921.

CONSPIRACY ⬉21—INSTRUCTION—VENUE.

    Where, in a prosecution of a bankrupt for conspiracy formed in Philadelphia to conceal assets from his trustee, no serious contention was made that the conspiracy was formed in New Jersey, and only one conspiracy was in question, though some of the acts that went to prove it were done in New Jersey and some in Pennsylvania, and the court's charge implied throughout that the criminal agreement must have been made in Philadelphia, to sustain a conviction, and no request for a special charge was made, it was not error to omit to charge that, before the jury could convict, they must find that the conspiracy took place in Pennsylvania.

    [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 28, 29; Dec. Dig. ⬉21.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Abe Lipman was convicted of conspiracy to conceal assets from his trustee in bankruptcy, and brings error. Affirmed.

---

Wm. T. Connor, of Philadelphia, Pa., for plaintiff in error.
Robert J. Sterrett, of Philadelphia, Pa., for the United States.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

J. B. McPHERSON, Circuit Judge. The plaintiff in error and his sister were convicted of a conspiracy to conceal assets from his trustee in bankruptcy. The indictment charges that the conspiracy was formed in Philadelphia (where both defendants resided), setting out two overt acts: (1) The execution of a bill of sale by Lipman to his sister, "covering a large amount of dry goods and other merchandise which formed part of his assets"; and (2) the removal "to a store at Pleasantville, New Jersey, [of] large amounts of dry goods and other merchandise which had theretofore been at his store at 418 Market street" (Philadelphia).

The only complaint now made of the trial is because the District Judge did not tell the jury:

"That before they can convict it will be necessary for the conspiracy to have taken place within the jurisdiction of this court; that if the conspiracy took place in New Jersey then the verdict would have to be not guilty."

This is the language of the defendant's exception, and it is no doubt true that the charge does not give this precise instruction; but the reason probably is because no such instruction was needed. The charge implies throughout, and the trial proceeded upon the theory, that the criminal agreement was made in Philadelphia. Much of the four days was taken up with evidence about various acts bearing upon the question whether such an agreement was made in this city, and of these evidential acts the signing of a bill of sale in Atlantic City for the Pleasantville store was only one. Certainly an overt act would be committed in the Eastern District of Pennsylvania by fraudulently removing goods from that district to Pleasantville, and we do not understand that a serious contention was made that the conspiracy was formed in New Jersey. Only one conspiracy was in question, although some of the acts that went to prove it were no doubt done in New Jersey and some in Pennsylvania. We see no error in the instructions given by the learned judge. He was not asked to give any specific charge on this subject, and we are satisfied that the jury could not have been misled. The case of Roukous v. United States, 195 Fed. 353, 115 C. C. A. 255, is not in point.

The judgment is affirmed.